# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IVAIR M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | No. 18 C 3884 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ivair M. filed this action seeking reversal of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), and filed cross motions for summary judgment. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons stated below, the Commissioner's decision is affirmed.

## I. PROCEDURAL HISTORY

On May 28, 2015, Plaintiff applied for DIB, alleging that he became disabled on January 1, 2015 (later amended to July 4, 2014) because of stage T3 rectal cancer. (R. at 86, 109, 180, 184, 210). Plaintiff's application was denied initially on July 27, 2015

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name.

and upon reconsideration on September 23, 2015, after which Plaintiff requested a hearing. (*Id.* at 86, 97, 105–15). Plaintiff, represented by counsel, testified before an Administrative Law Judge (ALJ) on December 13, 2016. (*Id.* at 34–36, 40–62). The ALJ also heard testimony from a vocational expert (VE). (*Id.* at 62–72).

On April 28, 2017, the ALJ issued an unfavorable decision. (R. at 13–33). Applying the five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since July 4, 2014, his alleged disability onset date. (*Id.* at 18). At step two, the ALJ found that Plaintiff's rectal cancer and obesity were severe impairments. (*Id.*). The ALJ also concluded that Plaintiff's back pain and foot lipoma were non-severe impairments. (*Id.* at 18–19). At step three, the ALJ determined that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of any of the listings enumerated in the regulations. (*Id.* at 19).

The ALJ then assessed Plaintiff's Residual Functional Capacity (RFC)[2] and determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> [H]e can occasionally climb ramps and stairs. He cannot climb ladders, ropes, or scaffolds. He can perform occasional balancing, stooping, kneeling, crouching, and crawling. There can be no work at unprotected heights or around moving mechanical parts.

(R. at 20). Moving to step four, the ALJ determined that Plaintiff could perform his past relevant work as a restaurant owner-manager, as that position is generally

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC, which "is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008); 20 C.F.R. § 404.1520(a)(4).

2

performed. (*Id.* at 25–26). Accordingly, the ALJ concluded that Plaintiff had not been under a disability from his alleged disability onset date through the date of her decision. (*Id.* at 18, 26).

On April 13, 2018, the Appeals Council denied Plaintiff's request for review. (R. at 1–6). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the Commissioner's final decision. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is authorized by § 405(g) of the Social Security Administration (SSA). 42 U.S.C. § 405(g). In reviewing this decision, the Court may not engage in its own analysis of whether the plaintiff is severely impaired as defined by the Social Security Regulations. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Nor may it "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute [its] own judgment for that of the Commissioner." *Id.* The Court's task is "limited to determining whether the ALJ's factual findings are supported by substantial evidence." *Id.* (citing § 405(g)). Substantial evidence "must be more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citation omitted). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (internal quotations and citation omitted).

3

Therefore, "[w]e will uphold the ALJ's decision if it is supported by substantial evidence, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (internal quotations and citation omitted). "We do not reweigh the evidence or substitute our own judgment for that of the ALJ; if reasonable minds can differ over whether the applicant is disabled, we must uphold the decision under review." *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). *See also Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (standard of review is deferential).

### III. DISCUSSION

On appeal, Plaintiff argues that the ALJ improperly weighed the medical opinions in the record and failed to support her decision with substantial evidence. After reviewing the record and the parties' briefs, the Court finds these contentions unpersuasive and affirms the ALJ's decision.[3]

---

[3] The argument section of Plaintiff's opening brief is approximately two and a half pages. It cites to only two cases and generally makes broad, cursory statements instead of specific arguments about why he believes the ALJ erred or pointing to specific medical evidence that supports his arguments. (Dkt. 14 at 3–5). *See Bunn v. FDIC*, 908 F.3d 290, 297 (7th Cir. 2018) ("As has become axiomatic in our Circuit, judges are not like pigs, hunting for truffles buried in the record.") (citations and internal quotations omitted) and *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) ("We have repeatedly and consistently held that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (citations and quotations omitted). Plaintiff's reply brief (Dkt. 22) fares no better adding nothing to the original arguments and raising new arguments, necessarily waived because they are undeveloped and raised for the first time in the reply brief. *See Hernandez v. Cook Cty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived… as may arguments made for the first time in reply briefs.").

**A. The ALJ Properly Assessed the Medical Opinion Evidence**

The Court begins with Plaintiff's argument that the ALJ gave "more weight to non-treating and non-examining doctors" than to treating doctors. (Pl.'s Mot., Dkt. 14 at 4).[4] That is not true. The ALJ gave the *same* weight to both—great weight to the opinions of Plaintiff's treating oncologist and to those of the state agency doctors. (R. at 24–25). Dr. Kulumani Sivarajan, M.D., Plaintiff's treating oncologist, consistently stated that Plaintiff could perform light work. Following Plaintiff's surgery and chemotherapy, Dr. Sivarajan's assessments in July through October 2015 stated that Plaintiff was "fully active, able to carry on all pre-disease activities without restrictions." (*Id.* at 25, citing Exhs. 4F and 8F; *see also e.g.,* R. at 343–44). Similarly, both Dr. Smith, M.D. and Dr. Mitra, M.D., the state agency consultants, concluded that Plaintiff could perform light work with some additional restrictions. (*Id.* at 24, citing Exhs. 1A and 3A).

Plaintiff does not mention Dr. Sivarajan and does not identify any other treating physician whose opinion he believes should have received more weight. Instead, Plaintiff relies on one record which he argues is a "diagnosis" that should have been given "great weight." (Dkt. 14 at 4). The record is Referral Communication Form dated August 19, 2016 identifying "[m]alignant neoplasm of overlapping sites of rectum, anus and anus canal" as a "Primary/Billing Diagnosis." (R. at 2341–42). The

---

[4] Under the treating-physician rule, an ALJ must give controlling weight to a treating physician's medical opinion "if it is well supported by medical findings and is consistent with other evidence in the record." *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018); 20 C.F.R. § 404.1527(c)(2). The rule has been eliminated for disability claims filed on or after March 27, 2017, but it still applies to claims, like Plaintiff's, filed before March 27, 2017. *See Winsted v. Berryhill*, 915 F.3d 466, 472 n.2 (7th Cir. 2019).

Commissioner argues that this notation is likely a statement of a treated condition, not a new diagnosis. (Dkt. 20 at 5). The Court agrees. The record is from more than a year after Plaintiff's surgery and chemotherapy, from which Plaintiff recovered and there was no evidence of recurrence of disease. (*see e.g.*, R. at 668–70). Plaintiff fails to cite to any evidence to show this was a new diagnosis or recurrence of cancer. Moreover, Plaintiff cites to no authority for the proposition that a diagnosis, standing alone, must be analyzed as a "medical opinion." This notation that does not contain a prognosis, assess Plaintiff's restrictions, or discuss what he can do despite his impairments, is not a medical opinion. *See Horr v. Berryhill,* 743 F. App'x 16, 20 (7th Cir. 2018) ("Dr. Roth's reports contain symptoms and diagnoses, but not a prognosis, a discussion of what Horr could do despite her impairments, or an assessment of her physical restrictions. By contrast, a medical opinion is a statement that reflects a judgment about the nature and severity of the impairment…"); *Loveless v. Colvin,* 810 F.3d 502, 507 (7th Cir. 2016) (a medical opinion "reflect[s] judgments about the nature and severity of a claimant's impairments…") (internal citations and quotations omitted).

Nevertheless, Plaintiff relies on this record to argue that he was "still suffering from the after effects of his cancer and treatment and was still taking medication to show this pain and disability" in 2016. (Dkt. 14 at 4). But that is Plaintiff's characterization, and he fails to explain how the August 2016 record shows any restrictions in his ability to work. *See Perez v. Astrue,* 881 F. Supp. 2d 916, 945 (N.D.

Ill. 2012) (explaining that diagnoses or symptoms do "not automatically translate to a limitation or impairment and simply listing them proves nothing").

Plaintiff also contests the ALJ's decision to give "great weight" to state agency consultant opinions. (Dkt. 14 at 4). There are two flaws to this argument. First, as discussed, the state agency doctors' assessments were consistent with those of Plaintiff's treating doctor, as the ALJ acknowledged. (R. at 25). Plaintiff does not address this fact. Second, Plaintiff's only complaint is that the state agency doctors never examined him. It is well-settled, however, that an ALJ may rely upon the opinions of non-examining doctors. *See Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008); *Moynihan v. Colvin*, No. 14 C 10063, 2016 WL 6582232, at *10 (N.D. Ill. Nov. 7, 2016) ("There is no prohibition on the ALJ relying on the opinions of nonexamining doctors."); SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). Whether a physician has examined a claimant is just one factor for an ALJ to consider in evaluating that medical opinion. 20 C.F.R. § 404.1527(c).

A review of the ALJ's opinion shows that she accounted for the opinions of Plaintiff's treating oncologist and the state agency consultants in determining that Plaintiff could perform light work with some additional restrictions. (*see* R. at 20, 24–25, 80–82, 92–94).[5] The RFC's prohibition on working at unprotected heights or around moving mechanical parts and its occasional balancing, stooping, kneeling,

---

[5] The state agency consultants found that Plaintiff could occasionally lift or carry 20 pounds, frequently lift or carry 10 pounds, and sit, stand, and/or walk for approximately 6 hours in an 8-hour workday, which is consistent with the requirements of the ALJ's "light work" restriction. (R. at 80, 82, 92–93); *see* 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at *5–6 (Jan. 1, 1983).

7

crouching, and crawling restrictions mirror or are *more* restrictive than the limitations identified by the consultants. (*Id.* at 20, 24–25, 81–83, 92–94). It is significant that there is no medical opinion in the record that imposes greater RFC restrictions than those imposed by the ALJ. "There is no error when there is no doctor's opinion contained in the record [that] indicated greater limitations than those found by the ALJ." *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) (alteration in original; internal quotations omitted). *See also Falls v. Berryhill*, No. 17 C 2805, 2018 WL 5839955, at *6 (N.D. Ill. Nov. 7, 2018) (explaining that an RFC is supported by a medical opinion where the RFC is more restrictive than the opinion).

**B. Substantial Evidence Supports the ALJ's RFC Finding**

Plaintiff argues that he has "clearly suffered from cancer for a period of at least twelve months or more and it is his contention that this condition's effects will be chronic in nature…[and he] clearly has been disabled for a period of time during his illness." (Dkt. 14 at 5). But the existence of a serious or chronic condition does not necessarily render an individual disabled. *See Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("Conditions must not be confused with disabilities.").[6] Regardless of whether Plaintiff believes he is still suffering the "after effects of his cancer" (Dkt. 14 at 4), the question is whether he is able to work full time. *See Johnson v. Barnhart*, 449 F.3d 804, 805 (7th Cir. 2006). Because Plaintiff has not shown that his condition "support[s] specific limitations affecting [his] capacity to work" (*Weaver v. Berryhill*,

---

[6] Although conditions or impairments that meet or equal "an impairment found in the Listing of Impairments . . . are considered presumptively disabling," *Maggard v. Apfel*, 167 F.3d 376, 379–80 (7th Cir. 1999), Plaintiff does not argue that his chronic condition meets a listed impairment.

8

746 F. App'x 574, 578–79 (7th Cir. 2018)), he has not met his "burden to show that the ALJ's decision is not supported by substantial evidence." *Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014).

To determine the RFC, the ALJ relies "upon the medical evidence in the record and other evidence, such as testimony by the claimant or his friends and family." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008). The RFC need only include those restrictions "that were supported by the medical evidence and that the ALJ found to be credible." *Outlaw v. Astrue*, 412 F. App'x 894, 898 (7th Cir. 2011). Instead of pointing to any specific errors in the RFC, Plaintiff recites his diagnosis, treatment, and complaints. But this does not establish work-related limitations or show that the ALJ should have included additional limitations in the RFC. *See Richards v. Berryhill*, 743 F. App'x 26, 30 (7th Cir. 2018); *see also Gentle*, 430 F.3d at 868 ("A person can be depressed, anxious, and obese yet still perform full-time work.").

The ALJ adequately evaluated the evidence regarding the frequency of Plaintiff's bowel movements to determine whether a corresponding RFC restriction was necessary. *See Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000) ("[T]he Commissioner is responsible for weighing the evidence, resolving conflicts and making independent findings of fact[.]"); *see also Pepper v. Colvin*, 712 F.3d 351, 363 (7th Cir. 2013) ("The ALJ has the responsibility of resolving any conflicts between the medical evidence and the claimant's testimony."). Plaintiff asserts that the ALJ incorrectly stated that there were no records indicating frequent bowel movements

9

because January 2017 records "clearly indicate" otherwise. (Dkt. 14 at 5 (citing R. at 23, 2456)).

Plaintiff mischaracterizes both the ALJ's decision and the January 2017 medical record. The ALJ did not state that there was no indication that Plaintiff suffered from frequent bowel movements. To the contrary, she stated that Plaintiff's "oncologist indicated [that] the bowel frequency and urgency would be a lifelong problem." (R. at 23). The ALJ also acknowledged medical records during office visits where Plaintiff "reported four to five bowel movements daily that were occasionally loose" and "indicated he experienced bowel urgency and had leakage on occasion." (*Id.* at 22–23). However, the ALJ concluded Plaintiff's claimed need to go the bathroom every 25 to 30 minutes and fecal incontinence were not supported by the record—this "level of bathroom usage [was] not reflected in any of [Plaintiff's] treatment notes." (*Id.* at 24). Plaintiff has not cited any medical records showing the issue rose to the level of the extreme limitations claimed by Plaintiff. (Dkt. 14 at 3–5).

As for the January 2017 record, the ALJ expressly discussed that record, which noted that Plaintiff was experiencing "quite a bit of diarrhea, which is a recent symptom" and "most likely related to radiation…[h]owever, will rule out any other colonic pathology…" (*Id.* at 23, 2456). The record does not state that Plaintiff needed to go the bathroom every 25 to 30 minutes or experienced fecal incontinence. (*Id.* at 2456–57). The record instead noted that Plaintiff has "done very well following surgery," "looks fairly healthy" other than being "quite obese," and physical examination findings were normal. (*Id.*). The ALJ observed that no follow-up records

10

indicated that Plaintiff's reported diarrhea persisted or how it was treated, which indicated to her that the condition was not disabling. (*Id.* at 23). The ALJ also noted that there was no conclusive diagnosis regarding the cause of Plaintiff's diarrhea and that there was no evidence that it met the durational requirements at that time. (*Id.*).

In addition, the ALJ did not credit Plaintiff's testimony about his need to go to the bathroom every 25 to 30 minutes; fecal incontinence; insomnia with a need for two naps a day; extreme fatigue; and an inability to sit for more than 30 minutes at a time, stand for more than 15 minutes at a time, or walk for more than one block at a time, because these claims were "not supported by the objective medical evidence or his daily activities." (R. at 23–24). Plaintiff does not challenge the ALJ's finding that his alleged limitations were not supported by the evidence of his daily activities, which is a factor that "may be used to discredit a claimant's testimony." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). The RFC need only include those restrictions "that were supported by the medical evidence *and that the ALJ found to be credible.*" *Outlaw*, 412 F. App'x at 898 (7th Cir. 2011).[7] Given the "special deference" afforded to ALJ credibility determinations, the Court will not question the ALJ's evaluation of Plaintiff's testimony here.

---

[7] Plaintiff broadly argues that his hearing testimony "clearly show[s] a chronic condition rendering Plaintiff disabled" and that he "testified truthfully under oath that his condition is causing some serious effects." (Dkt. 14 at 3–5). Plaintiff does not directly challenge the ALJ's adverse credibility finding as "patently wrong." An ALJ's credibility determination is given finding "special deference" and is overturned only if it is "patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal citation omitted); *see also Elder v. Astrue,* 529 F.3d 408, 413–14 (7th Cir. 2008) (explaining that a determination is only "patently wrong" if it "lacks any explanation or support"). Even considering Plaintiff's argument as a "patently wrong" challenge, he fails to show that the ALJ erred.

Plaintiff also argues in his reply brief that he "testified that his condition is worsening" (Pl.'s Resp., Dkt. 22 at 6; R. at 34). Plaintiff has forfeited this argument, as it was not raised in his opening brief. *See Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997); *Rogers v. Barnhart*, 446 F. Supp. 2d 828, 851 (N.D. Ill. 2006). Even so, this argument would not be convincing. He says that he "testified that his condition is worsening by the number of bowel movements that he experiences daily and how they have increased from 2016 until the date of the hearing [December 13, 2016]." (Pl.'s Resp., Dkt. 22 at 6). But he does not cite any hearing testimony showing that he gave this testimony and the Court can find none. (R. 34–76). He cites only to the ALJ opinion and to a medical record from February 2016, in which Plaintiff's doctor stated that "bowel frequency and urgency would be a lifelong problem." (R. at 23, 670). A review of the February 2016 record shows that Plaintiff's physical examination was normal, that he had recovered from his colostomy reversal and that Plaintiff *denied* abdominal pain, change in bowel habits, constipation, diarrhea, heartburn/ dyspepsia, nausea, and vomiting. (*Id.* at 669–70). And Plaintiff does not explain how his doctor's advice that "bowel frequency and urgency would be a lifelong problem" translates into limitations on his ability to work full-time.

Also for the first time in his reply brief, Plaintiff argues that "[t]he ALJ should have requesting [sic] another doctor's examination to determine the status of Plaintiff's cancer given the Plaintiff's testimony about increasing and worsening of bowel movements." (Pl.'s Reply., Dkt. 22 at 7).[8] This assertion, raised for the first

---

[8] The Court notes that both Plaintiff and his attorney testified at the hearing that Plaintiff's cancer is in remission. (R. at 46, 60).

time and unaccompanied by any citation to legal authority or further elaboration, is forfeited. *See Cisneros,* 846 F.3d at 978; *Hernandez,* 634 F.3d at 913.

**C. Summary**

In sum, Plaintiff failed to demonstrate that that the ALJ's assessment of the medical opinion evidence was faulty or that evidence in the record warranted RFC restrictions greater than those imposed by the ALJ. Substantial evidence supported the conclusion that Plaintiff can perform light work with additional postural and environmental limitations. Therefore, the ALJ's finding that Plaintiff was not disabled and could perform past work was not erroneous.

## IV. CONCLUSION

For the reasons stated, Plaintiff's motion for summary judgment [14] is **DENIED**, and the Commissioner's motion for summary judgment [19] is **GRANTED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision is affirmed.

E N T E R:

Dated: May 13, 2019

MARY M. ROWLAND
United States Magistrate Judge